**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

No. 95-50305
(Summary Calendar)

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

WESLEY EARL BROWN,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
(CR-A-94-187)

---

November 9, 1995

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

        In this direct criminal appeal, Defendant-Appellant Wesley
Earl Brown, who was convicted by a jury of violating of 18 U.S.C.
§ 922(g)(1), felon in possession of a firearm, complains that the

---

        [*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

district court erroneously instructed the jury regarding the defense of justification; that the district court abused its discretion in admitting evidence that Brown was a gang member and a drug dealer; and that his trial was rendered unfair by the cumulative effect of multiple trial errors. Finding no reversible error, we affirm.

I

FACTS AND PROCEEDINGS

Brown was convicted after a jury trial of being a felon in possession of a firearm. Prior to trial, Brown made a motion to exclude any evidence of his "alleged gang membership." The government opposed the motion, arguing that such evidence was relevant "to [Brown's] motive in carrying the firearm." The district court overruled Brown's motion.

At trial, Austin, Texas, Police Officer Medlicott testified that he observed Brown "throwing gang signs," "Crip sign, [b]lood signs and a hand signal for a weapon" out the window of his vehicle. Brown objected to the testimony and the district court overruled his objection. The court immediately instructed the jury that

> the evidence which is being elicited by the government counsel at this time is evidence that should not be used . . . against the defendant in your determination on the basic question of guilt or innocence of this particular defendant on this particular charge. It may be used by you to consider other surrounding considerations such as the reasons the officers stopped and apprehended and arrested the defendant, questioned the defendant. But the fact that in this instance that the defendant allegedly was making signs which the witness says in his opinion were related to gangs or something like that is not evidence that the defendant is guilty of the offense

2

for which he was charged.

Officer Medlicott also testified that Brown subsequently stated to him that "he was a drug dealer and not a gang member and that he could do federal time standing on his head." Brown again objected and this time moved for a mistrial, which motion the district court overruled.

Without engendering an objection, Officer Medlicott further testified that he observed a "black rag" or "flag" around Brown's steering wheel, which was a symbol for a particular gang, the Austin "[b]loods." Officer Medlicott stated that, based on Brown's "flag" and the "signs he was throwing," the officer considered Brown to be a gang member. Another Austin police officer, Todd Myers, testified to Brown's statement that he was not a gang member, but that he was a drug dealer.

Brown's defense was justification. He presented evidence that he was carrying a weapon for his own self-protection. At Brown's request, the district court instructed the jury regarding the defense of justification, as follows:

> The defendant, moreover, contends that he is not guilty of the crimes charged, because he was legally justified in possessing the firearm in question.
>
> In order for the defendant's possession of the firearm at issue herein to be legally justified, you must find from some evidence that at the time that the defendant possessed the firearm, he was, one, under an unlawful and present imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury.
>
> Two, that the defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to purchase or possess the firearm.

3

Three, that he had no reasonable legal alternative to violate any law, that is, he had actually tried the alternative, had no time to attempt the alternative or a history of futile attempts to comply with the law revealed the futility of the alternative; and

Four, there was logically a direct causal relationship between the action taken and the harm to be avoided.

If you find that there is some evidence to support each of the four factors noted above, the government must rebut or disprove at least one of the factors beyond a reasonable doubt or else you must acquit the defendant.

In order for the defense of justification or necessity to be applicable, the defendant must establish that he held the weapon only during the time he is in imminent and immediate danger.

If the defendant holds the weapon so much as thirty minutes after the immediate and imminent danger is passed, he may not claim this defense.

To no avail, Brown objected to the portion of the court's instruction that referred to a thirty-minute time limit.

Brown was convicted and sentenced to 63 months' imprisonment, to be followed by three years' supervised release. He timely filed a notice of appeal from the court's judgment of conviction, and this appeal ensued.

II

ANALYSIS

A.  Jury Instruction

Brown argues that the district court erroneously instructed the jury on the defense of justification. Although he concedes that the district court correctly identified the elements of the justification defense, he contends that the court improperly imposed an arbitrary thirty-minute time limit on the defense.

A defendant may pose a justification defense to the charge of

4

being a felon in possession of a firearm. <u>United States v. Harvey</u>, 897 F.2d 1300, 1304 (5th Cir.), <u>cert. denied</u>, 498 U.S. 1003 (1990), <u>rev'd on other grounds</u>; <u>United States v. Lambert</u>, 984 F.2d 658, 661-62 (5th Cir. 1993) (en banc). To prevail on such a defense, Brown had to show that (1) he was under an unlawful, present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or seriously body injury; (2) he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct (possession of the firearm); (3) he had no reasonable legal alternative to violating the law, that is, no chance to refuse to do the criminal act and to avoid the threatened harm; and (4) a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm. <u>Id.</u> at 1304-05. <u>See</u> <u>United States v. Liu</u>, 960 F.2d 449, 453-54 (5th Cir.), <u>cert. denied</u>, 113 S. Ct. 418 (1992).

The court's charge, taken as a whole, was a correct statement of the law. The defense of justification protects the defendant for his possession of a firearm only during the time that he is endangered. <u>United States v. Panter</u>, 688 F.2d 268, 272 (5th Cir. 1982); <u>see</u> <u>also</u> <u>United States v. Parker</u>, 566 F.2d 1304, 1306 (5th Cir.) (justification defense inapplicable where defendant possessed the firearm "for up to 30 minutes" beyond the emergency), <u>cert. denied</u>, 435 U.S. 956 (1978). Brown concedes that "no time may pass when the defendant possesses the gun while not under a threat."

5

After instructing the jury that, for the defense of justification to be applicable, it had to find that Brown was "under an unlawful and present imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury" at the time that Brown possessed the firearm, and that he held the weapon only during the time he was in imminent and immediate danger, the court then told the jury that "[i]f the defendant holds the weapon so much as thirty minutes after the immediate and imminent danger is passed, he may not claim this defense."  This challenged statement accurately reflects the law and facts of Brown's case and is a correct statement of law.  Brown's challenge to the instruction is without merit.

B.    Testimony of Gang Membership

Brown argues that the district court erred by admitting testimony by Officers Medlicott and Myers that Brown was a gang member and a drug dealer.  Brown contends that this evidence was irrelevant to the charge against him and that the prejudicial effect of the evidence substantially outweighed its probative value.

A district court's decision to admit evidence under Rule 404(b) is reviewed under a heightened abuse-of-discretion standard.  United States v. Carrillo, 981 F.2d 772, 774 (5th Cir. 1993).  Rule 404(b) states in relevant part that "`[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive,

6

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" Id.

Whether extrinsic evidence is admissible under Rule 404(b) is governed by application of the two-part test set out in United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), cert. denied, 440 U.S. 920 (1979). Carrillo, 981 F.2d at 774. "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [Fed. R. Evid.] 403." Id. (internal quotations, citations, and footnote omitted).

Moreover, even if error is shown, it is subjected to a harmless error analysis. United States v. Jimenez Lopez, 873 F.2d 769, 771 (5th Cir. 1989); see also United States v. Capote-Capote, 946 F.2d 1100, 1105 (5th Cir. 1991), cert. denied, 504 U.S. 942 (1992). An error is harmless if the reviewing court is sure, after viewing the entire record, that the error did not influence the jury or had a very slight effect on its verdict. United States v. Rodriquez, 43 F.3d 117, 123 (5th Cir.), cert. denied, 115 S. Ct. 2260 (1995). Harmless error analysis also includes inquiry into whether a curative instruction was given and whether the properly admitted evidence is overwhelming. United States v. Pace, 10 F.3d 1106, 1116 (5th Cir. 1993), cert. denied, 114 S. Ct. 2180 (1994).

Assuming that an error occurred here, any error in the admission of the challenged testimony was harmless. Brown was

7

charged with being a felon in possession of a firearm, which requires proof that (1) Brown had a previous felony conviction, (2) he knowingly possessed the firearm, and (3) the firearm had traveled in or affected interstate commerce. See United States v. Wright, 24 F.3d 732, 734 (5th Cir. 1994). The parties stipulated to Brown's felon status at the time of the offense and that the firearm had moved in interstate commerce.

With regard to Brown's knowing possession of the firearm, Officer Medlicott testified at trial that after he stopped Brown's vehicle, Brown got out of the vehicle and stated, "I wasn't trying to hide anything, but there's a pistol underneath the front seat." Officer Elizabeth Leach corroborated Officer Medlicott's testimony that Brown "said that he had a gun underneath the seat." The officers then searched Brown's vehicle and retrieved a firearm from beneath the driver's front seat. Special Agent Jose Viegra testified that Brown stated that the weapon belonged to him, that he bought it in 1989, and that he carried it for self-protection.

The other evidence against Brown is overwhelming. There is ample evidence that he was a felon in knowing possession of the firearm. Further, the district court instructed the jury that Brown's alleged gang affiliation was not to be considered in the determination of Brown's guilt or innocence on the firearm charge. See id. at 95. The jury is presumed to have followed the court's instructions. See Zafiro v. United States, 113 S. Ct. 933, 939 (1993). The introduction of the challenged testimony regarding Brown's status as a gang member and a drug dealer was therefore

8

harmless error if error at all.  Brown's argument that the district court erred by admitting the testimony is without merit.

C.   Cumulative Error

Brown contends that the cumulative effect of the district court's errors was so prejudicial that reversal is required.  Trial errors that are harmless when considered alone may mandate reversal when considered cumulatively, if the cumulative effect is to deny the defendant's right to a fair trial.  United States v. Labarbera, 581 F.2d 107, 110 (5th Cir. 1978).  "Cumulative reversible error, although not unknown to [this court's] jurisprudence, is a rarity." United States v. Iredia, 866 F.2d 114, 118 (5th Cir.), cert. denied, 492 U.S. 921 (1989).

As discussed above, Brown's challenges to the admission of the Rule 404(b) evidence and to the court's jury instructions are meritless.  The challenged jury instruction was a correct statement of law; it was not in error.  The admission of the Rule 404(b) evidence was harmless error if error at all.  Brown has thus not shown any cumulative errors by the district court that could have rendered his trial unfair.

For the foregoing reasons, Brown's conviction is AFFIRMED.