**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Marvin Charles PARKER,**
**Defendant-Appellant.**

No. 77–5384.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1978.

Michael J. Romeo, Birmingham, Ala. (Court-Appointed), for defendant-appellant.

J. R. Brooks, U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before TUTTLE, CLARK and RONEY, Circuit Judges.

RONEY, Circuit Judge:

On April 6, 1977, a federal grand jury returned a single count indictment charging defendant Marvin Charles Parker with knowing possession of a single barrel, sawed-off shotgun which had not been registered to him in the National Firearms Registration and Transfer Record. 26 U.S. C.A. § 5861(d).[1] At trial defendant admitted possession of the unregistered weapon, but contended that under certain emergency circumstances confronting him, his possession was legally excusable. Without objection from defendant, the trial court instructed the jury to disregard defendant's alleged *reason* for possessing the weapon. Defendant was convicted and sentenced to three years imprisonment. Finding no plain error in the court's instruction, we affirm.

In deciding this case we must look at the facts in the light most favorable to defendant, since defendant is entitled to jury instructions relating to a theory of defense for which there is any foundation in the evidence. *United States v. Young*, 464 F.2d 160, 164 (5th Cir. 1972); *Perez v. United States*, 297 F.2d 12, 15–16 (5th Cir. 1961).

Defendant shared a house with Willie Joe Martin and Isaiah Jones. On the morning of December 28, 1976, after a night of heavy drinking, the three men arose and began drinking again. On this occasion the men were joined by William "Country" Hawkins, who was a frequent early-morning visitor to the house. According to defendant's trial testimony, the conversation between the men became heated, and defendant insisted that Hawkins leave. Hawkins resisted, and when defendant attempted to assist him out, Hawkins cut defendant on the nose with a pocketknife. Defendant retrieved an unloaded shotgun from Jones' bedroom and ran across the street, where he waited until Hawkins came out of the house and drove away. Defendant reentered the house, but did not call the police, although he maintains that he was afraid Hawkins would return. A short while later, two police officers, who had been summoned by Jones without defendant's knowledge, apprehended defendant in the bathroom with the weapon still in his possession.

At the close of the trial the district court instructed the jury on the elements of the crime without objection from defendant. During the course of its deliberations, the jury sent to the trial judge a written note which read: "We all agree that the defendant had the weapon in his hands. This was stated in the defendant's testimony. Are we to take into account the reason for possession?" The trial judge responded simply, "No." Defendant did not object to the court's response at the time it was made, nor did he ask for a more detailed answer. His task on appeal, therefore, is to convince this Court that the trial judge's

---

1. Section 5861(d) provides in pertinent part: "It shall be unlawful for any person . . . (d) to receive or possess a firearm which is not registered to him in the National Firearms Reg- istration and Transfer Record." "Firearm" is defined under the Act to include "a shotgun having a barrel or barrels of less than 18 inches in length." 26 U.S.C.A. § 5845(a).

response amounted to plain error. Fed.R. Crim.P. 52(b); *United States v. Phelps*, 468 F.2d 828 (5th Cir. 1972), *cert. denied*, 410 U.S. 983, 93 S.Ct. 1501, 36 L.Ed.2d 178 (1973).

■ As defendant correctly points out, and as the trial judge charged the jury, the possession prohibited under § 5861(d) must be "knowing." Defendant contends that "knowing" possession means possession not justified by some innocent reason. In effect, defendant's interpretation would require the Government to prove, as an element of the offense under § 5861(d), not only that defendant willfully possessed the weapon, but that he had no good reason to justify his possession. The plain reading of the statute and the decided cases are to the contrary. The Government need only show that defendant willfully and consciously possessed an item which he knew to be a firearm. *United States v. Vasquez*, 476 F.2d 730, 732 (5th Cir.), *cert. denied*, 414 U.S. 836, 94 S.Ct. 181, 38 L.Ed.2d 72 (1973); *Sipes v. United States*, 321 F.2d 174, 179 (8th Cir.), *cert. denied*, 375 U.S. 913, 84 S.Ct. 208, 11 L.Ed.2d 150 (1963); *see United States v. Freed*, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

The question then is whether defendant can assert an innocent reason for knowing possession as a defense to the crime.[2] We hold that the facts of this case, as stated by defendant, do not demonstrate a legal defense to the charge.

■ Section 5861(d) makes it unlawful "to receive or possess" an unregistered firearm. The statute is written in absolute terms.[3] That possession is momentary is immaterial. *United States v. Sanders*, 462 F.2d 122 (6th Cir. 1972). In the instant case defendant states he purposely obtained the gun and ran out of the house in an effort to protect himself from Hawkins. From a position of safety across the street, he watched Hawkins come out of the house, get in his car, and drive away. Yet, by defendant's own admission, when he reentered the house, he continued to hold the gun in his hands and "just [walk] around with it." Indeed, defendant admitted possessing the gun for up to 30 minutes and apparently would have possessed it indefinitely had the police not arrived. Under these circumstances, the statute does not permit a defense theory that the receipt and possession of the gun could be legally justified.

The Government argues that criminal liability under § 5861(d) is absolute for those receiving or possessing illegal firearms regardless of how innocent or exigent the circumstances. We need not decide now whether a defendant may ever *in defense* allege some justification based on the circumstances attending his illegal possession of an unregistered firearm. No such defense was available to defendant under the facts of this case. The trial court in this case was therefore correct in advising the

---

2. This case was orally argued at the same time as *United States v. Hammons*, 566 F.2d 1301 (5th Cir. 1977), No. 77–5262. The statute there prohibited a felon from receiving a firearm. Defendant Hammons, a convicted felon, maintained that he had taken a firearm from one Bridges in order to prevent Bridges from harming a third person. A jury convicted Hammons under 18 U.S.C.A. § 922(h), which in absolute terms forbids a convicted felon "to receive any firearm . . . which has been shipped or transported in interstate or foreign commerce." On appeal Hammons contended that the jury should have been allowed to consider the circumstances attending his receipt of the firearm. This Court affirmed Hammons' conviction, finding no foundation in the evidence for a defense of legal justification.

3. We note parenthetically that § 5861 was originally enacted as § 5851, which in pertinent part provided:

> It shall be unlawful for any person . . . to possess any firearm which has not been registered as required by section 5841. Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of such firearm, such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury.

The last clause of the prior statute is conspicuously absent from § 5861.

jury that it could not take into consideration the reasons for defendant's possession.

AFFIRMED.