[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16 2000
THOMAS K. KAHN
CLERK

_____

No. 99-4106
Non-Argument Calendar

_____

D. C. Docket No. 98-06111-CR-WDF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTIS LEE RICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 16, 2000)**

Before COX and WILSON, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

Defendant Otis Lee Rice appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His most persuasive argument is that the district court erred in excluding evidence supporting a defense of justification.

According to Rice's proffer, he possessed the gun to protect himself against a local gang that had repeatedly beaten and threatened him. We affirm on the ground that the facts proffered were insufficient to establish a justification defense.

The criminal offense of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) is a strict liability offense, which ordinarily renders a defendant's state of mind irrelevant. *See United States v. Funches,* 135 F.3d 1405, 1407 (11th Cir. 1998); *United States v. Thompson,* 25 F.3d 1558, 1563-64 (11th Cir. 1994). We stated in a recent opinion, however, that a justification defense to a § 922(g)(1) charge would be established if the defendant could show the following four elements: (1) that the defendant was under an unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. *See United States v. Deleveaux*, 205 F.3d 1292, 1297-98 (11th Cir. 2000) (holding that evidence warranted jury instruction on justification defense and that defendant was properly required to prove defense by preponderance of the evidence), *petition for cert. filed*, No. 99-8842 (U.S. March 24, 2000).

The defense, however, is reserved for "extraordinary circumstances." *See Deleveaux*, 205 F.3d at 1298. The first prong requires nothing less than an immediate emergency. In *United States v. Parker*, 566 F.2d 1304, 1305-06 (5th Cir. 1978)[1], the defendant retained possession of a gun for thirty minutes after being attacked in his home. In *United States v. Scales*, 599 F.2d 78, 80 (5th Cir. 1978), the defendant purchased a gun and gave it to his wife after their home had been burglarized. In neither of these cases was the defense of justification established. *See Parker*, 566 F.2d at 1306-07; *Scales*, 599 F.2d at 81.

Similarly, other circuits do not allow a justification defense to a § 922(g)(1) prosecution in the absence of an immediate emergency. *Compare, e.g., United States v. Newcomb*, 6 F.3d 1129, 1135-36, 1138 (6th Cir. 1993) (justification defense allowed where defendant briefly possessed shotgun and shells after disarming dangerous individual), *United States v. Paolello*, 951 F.2d 537, 541-43 (3rd Cir. 1991) (justification defense allowed where, after knocking gun out of attacker's hand to protect third person, defendant picked gun up off ground and ran with it to prevent attacker from getting it), *and United States v. Panter*, 688 F.2d 268, 269-72 (5th Cir. 1982) (defendant, who while pinned to floor after being stabbed in stomach reached

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

for club in self defense but instead grabbed gun, allowed to assert justification defense to prosecution under predecessor statute to § 922(g)(1)), *with United States v. Wofford*, 122 F.3d 787, 790-91 (9th Cir. 1997) (no justification defense where most recent specific threat occurred five months before possession of firearm), *and United States v. Perrin*, 45 F.3d 869, 875 (4th Cir. 1995) (no defense where shotgun-wielding antagonist's most recent visit to defendant's apartment occurred two days prior to defendant's possession of firearm).

The facts, as proffered by the defendant, do not meet the standard of an immediate emergency. Prior to obtaining the gun, Rice had been repeatedly harassed and threatened by members of a neighborhood gang called "The Thug Life." In September 1996, Rice was beaten and robbed as he was leaving a grocery store. In December 1996, gang members robbed Rice as he was making a phone call from a pay phone. In April 1997, Rice was beaten with a baseball bat. After Rice reported the April 1997 attack and the Thug Life's drug dealing to police, he was threatened for being a snitch. In May 1997, gang members confronted Rice at the beach, accused him of being a snitch, and hit him in the head with a beer bottle, causing lacerations that required hospital treatment. In September 1997, he was beaten by gang members "for no reason." In December 1997, Rice was surrounded by gun-wielding gang members at a laundromat, but the gang fled when bystanders threatened to call the

4

police. Once, in December 1997, gang members went to Rice's home when Rice was not present.

In response, Rice "changed his address" and attempted to avoid the gang. In January 1998, Rice obtained a firearm.

On February 20, 1998, Rice was walking to his job to pick up his paycheck when he encountered members of the gang. He returned home, retrieved his gun, and departed again for his job. On the way home after picking up his check, he saw gang members approaching and shot his gun in the air to frighten them away.

On February 21, 1998, while walking to a store, Rice was verbally threatened by gang members. He returned home to get his gun, and departed again for the store. Shortly thereafter, police officers, who were looking for Rice for a separate offense, found him leaned over a parked car, chatting with someone inside and drinking beer. The officers discovered the gun and arrested him.

There was no error in the district court's determination that Rice failed to establish a justification defense. Rice was not under an "unlawful and present, imminent, and impending threat of death or serious bodily injury." *Deleveaux*, 205 F.3d at 1297; *see Parker*, 566 F.2d at 1306-07; *Scales*, 599 F.2d at 80. In fact, it appears that not once between his acquisition of the firearm in January 1998 and his arrest on February 21, 1998 was Rice faced with an immediate emergency of the type

found by other circuits to justify the possession of a firearm. *See, e.g., Newcomb*, 6 F.3d at 1135-36, 1138; *Paolello*, 951 F.2d at 541-43; *Panter*, 688 F.2d at 269-72. Indeed, at the time of his arrest, the Thug Life was nowhere to be seen. Rice was on the street, engaged in conversation and drinking beer, while holding the firearm.

*United States v. Gomez*, 92 F.3d 770 (9th Cir. 1996), cited by Rice, is distinguishable. The defendant in *Gomez*, a witness in the prosecution of a major drug dealer, learned that a contract had been taken out on his life and received numerous death threats. The defendant knew that the drug dealer had previously tried to have other witnesses against him murdered. After the authorities ignored the defendant's pleas for protection, the defendant armed himself. *See* 92 F.3d at 772-73. The court held that the danger was "present and immediate," emphasizing that "it was unlikely that [the drug dealer] would cool off and lose interest" in the defendant, given that the drug dealer "was deeply involved in the exportation of illegal substances," and had "amply demonstrated his willingness to kill to avoid conviction." 92 F.3d at 776. The defendant in *Gomez,* therefore, was confronted by an extraordinary threat, as later cases have explained:

> [O]nly in the most extraordinary circumstances, illustrated by *United States v. Gomez*, where the defendant had sought protection from the authorities without success, will the defense entitle the ex-felon to arm himself in advance of the crisis merely because he fears, however sincerely and reasonably, that he is in serious danger of deadly harm.

6

*United States v. Perez*, 86 F.3d 735, 737 (7th Cir. 1996); *see Wofford*, 122 F.3d at 791 (*quoting Perez*).

Although Rice's allegations of numerous beatings and threats are serious, the generalized danger to him was not "extraordinary" as in *Gomez*. Among other things, there was no evidence of an equally compelling motive for the attacks, that the Thug Life's influence extended beyond the neighborhood, or that the authorities were unwilling to protect Rice.

Because Rice has not shown that his possession of the firearm occurred only while faced with an "unlawful and present, imminent, and impending threat of death or serious bodily injury," *Deleveaux*, 205 F.3d at 1297, he failed to establish a justification defense. There was no error in excluding the proffered evidence.

Rice's remaining contentions are meritless, and in any event would not warrant reversal under the harmless error rule, *see* Fed. R. Crim. P. 52(a), given his admission that he was a convicted felon in possession of a firearm. Rice argues that the district court abused its discretion by allowing the government to present evidence of the confrontation between Rice and Larry Daughtry on February 20, 1998, the day before the arrest, in which Rice allegedly threatened Daughtry with a gun. This evidence, however, was admissible as direct evidence that Rice possessed a firearm "[o]n or

about February 21, 1998," as charged in the indictment. *See United States v. Pope*, 132 F.3d 684, 688-89 (11th Cir. 1998).

Rice further contends that the district court abused its discretion in admitting the fact that his convictions of more than ten years before had been for burglary, robbery and indecent assault. The court did not clearly err in concluding that Rice's testimony had opened the door to questions relating to the nature of those felony convictions.[2]

AFFIRMED.

---

[2] We decided a similar case today, *United States of America v. Bell*, No. 99-13232 (11th Cir. June 16, 2000), holding that the defendant failed to proffer facts supporting a justification defense to an 18 U.S.C. § 922(g)(1) prosecution.