[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15729
Non-Argument Calendar

_____

D. C. Docket No. 06-00032-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLON POLLOCK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(May 10, 2007)**

Before DUBINA, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Martin Pollock was convicted of possession of a firearm by a convicted

felon, 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and appeals the district court's denial of his request for a modified jury instruction. On appeal, Pollock argues that the district court denied him a fair trial with due process by refusing to modify the pattern jury instruction to allow for the justification defense based on his reasonable — even if erroneous — fear of immediate death or serious bodily harm when considered in light of the totality of the evidence.

I.

We review a district court's refusal to give a particular jury instruction for abuse of discretion. United States v. Yeager, 331 F.3d 1216,1223 (11th Cir. 2003). The failure of a district court to give an instruction is reversible error where the requested instruction (1) was correct, (2) was not substantially covered by the charge actually given, and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. Id. "[W]e will only reverse if we are left with a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations." United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006) (citations omitted).

We have held that the defense of necessity is available to justify committing the offense of felony in possession of a firearm, 18 U.S.C. § 922(g)(1). United

States v. Deleveaux, 205 F.3d 1292, 1297 (11th Cir. 2000).  However, the justification defense is only available in § 922(g)(1) cases in "extraordinary circumstances."  Id.  The felon-in-possession statute provides in relevant part that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .  to . . . possess in or affecting commerce, any firearm . . . ."  18 U.S.C. § 922(g)(1).  In order to convict a defendant for possession of a firearm by a convicted felon, in violation of § 922(g)(1), the government must prove beyond a reasonable doubt: "(1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce."  Deleveaux, 205 F.3d at 1297.  The prosecution need not prove that the defendant knew that his possession was unlawful.  Id. at 1298.

Furthermore, the burden is on the defendant to prove his justification defense by a preponderance of the evidence.  Id. at 1299.  In Deleveaux, we expressly stated that a defendant must show, among other things, two elements to establish the justification defense in the § 922(g)(1) context: (1) he was under an unlawful and present, imminent, and impending threat of death or serious bodily injury; and (2) he did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct.  Id. at 1297.  Moreover,

3

since our decision in <u>Deleveaux</u>, we have stated, "[t]he first prong requires nothing less than an immediate emergency." <u>United States v. Rice</u>, 214 F.3d 1295, 1297 (11th Cir. 2000).

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. In this case, undisputed testimony at trial showed that on December 20, 2005, at 11:30 p.m., Pollock and his brother rode in his brother's car to a pool hall. Pollock was aware that his brother kept a firearm in the car. Pollock testified that he and his brother proceeded to consume approximately four to seven pitchers of a mixed alcoholic beverage, that he was "pretty much intoxicated," and that he was unsure about the events in question because he had too much to drink. In the early morning hours of December 21, 2005, Pollock and his brother exited the pool hall toward the car. At the same time, Stephanie Powell, a driver operator with the Tallahassee Fire Department, two firefighters, and a fourth individual, the fiancée of one of the firefighters, also exited the pool hall.

The two parties engaged in a conversation stopped alongside their vehicles in the parking lot, and Pollock began to urinate on Powell's leg. Powell warned Pollock that he was urinating on her leg, but he continued to do so. Powell testified that "it made me mad, and I . . . kicked at him." Powell testified that

4

neither she nor any other individuals in her party chased or tried to further attack Pollock. Apparently Pollock misunderstood that Powell and the others were firefighters, because he testified that he believed that they were some kind of very aggressive sport fighters.

Pollock retreated to his brother's car and retrieved a firearm. Pollock held the firearm to his chest and told the others that they needed to leave, which they did. Soon after, a police officer arrived at the scene. Officer Butler of the Tallahassee Police Department testified that he observed Pollock standing in the passenger doorway of the car, get into the car, and attempt to drive off. Officer Butler ordered the car to stop and arrested Pollock and his brother. After the officer seized a firearm from Pollock's brother's car, Pollock denied having a firearm, owning a firearm, or using a firearm in self defense.

We find that the district court did not abuse its discretion by denying Pollock's request for a modified jury instruction to provide for a reasonable belief element in the justification defense. First, the pattern jury instruction does not allow for the consideration of the defendant's subjective reasonable belief that he was under an unlawful and present, imminent, and impending threat of death or serious bodily injury. In addition, we have affirmed the pattern jury instruction in published cases. Furthermore, Pollock does not cite to any binding case law to

5

show otherwise.

Moreover, it is questionable whether Pollock was entitled to the pattern jury instruction for the justification defense at all. Consideration of the record evidence applicable to the second element of the justification defense (which was not affected by the modification requested by Pollock) raises substantial doubt that he meet his burden on this element. The undisputed fact that Pollock urinated in public on another person, and continued to do so after he was warned about that conduct, does not lend itself to allowing him to prove that he did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct. Accordingly, we affirm the denial of Pollock's requested modified jury instruction.

**AFFIRMED.**