[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 20, 2008
THOMAS K. KAHN
CLERK

No. 07-12957
Non-Argument Calendar

_____

D. C. Docket No. 06-20330-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLINTON MOSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 20, 2008)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Clinton Moss appeals his conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On appeal, Moss argues that the district court abused its discretion by granting the government's motion *in limine* and thereby prohibiting him from testifying that he purchased a firearm for protection from his neighbors, who were likely dealing in drugs and guns. He argues that this testimony was relevant to his state of mind within the context, in particular, of his entrapment defense to show his susceptibility to the entreaties of the government agent to purchase a weapon. Moss also argues that the district court abused its discretion by refusing to give his proposed jury instruction on duress/justification, arguing that he meets the *Deleveaux*[1] test because he proffered testimony that he was in fear for his life. Lastly, Moss argues that his trial was fundamentally unfair due to the prosecutor's misstatement of the law of entrapment during closing arguments.

## I. Exclusion of testimony

We review *de novo* a district court's ruling on the sufficiency of a defendant's proffer of a justification defense. *See United States v. Dicks*, 338 F.3d 1256, 1257 (11th Cir. 2003). "We review a district court's evidentiary rulings for abuse of discretion." *United States v. Walker*, 59 F.3d 1196, 1198 (11th Cir.

---

[1] *United States v. Deleveaux*, 205 F.3d 1292 (11th Cir. 2000).

1995).

"[A] valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct. *Mathews v. United States*, 485 U.S. 58, 63, 108 S. Ct. 883, 886, 99 L. Ed. 2d 54 (1988). Predisposition concerns whether the defendant was an "unwary innocent" or, instead, an "'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." *Id.* (quoting *Sherman v. U.S.*, 356 U.S. 369, 376-78, 78 S. Ct. 819, 822-23, 2 L. Ed. 2d 848 (1958)).

"In order to have the defense [of justification] submitted to a jury, a defendant must first produce or proffer evidence sufficient to prove the essential elements of the defense." *United States v. Montgomery*, 772 F.2d 733, 736 (11th Cir. 1985). A court may prohibit the presentation of evidence insufficient to support a defense, where the defendant's true intent is to improperly inspire a jury to exercise nullification. *See United States v. Funches*, 135 F.3d 1405, 1408-09 (11th Cir. 1998).

In the seminal case of *Deleveaux* discussing the applicability of an affirmative defense of justification for violating 18 U.S.C. § 922(g), we held that the defense is available only in extraordinary circumstances. *Deleveaux*, 205 F.3d

3

at 1297. Moreover, before being permitted to raise a justification defense, the defendant must proffer evidence sufficient to establish:

> (1) that [he] was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that [he] did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that [he] had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*Id.* at 1297 (quoting *United States v. Wofford*, 122 F.3d 787, 789-90 (9th Cir. 1997)).

To satisfy the first prong of the justification defense, the defendant must be facing an "immediate emergency." *United States v. Rice*, 214 F.3d, 1295, 1297 (11th Cir. 2000). We have held that there was no immediate emergency when a defendant, who had been repeatedly threatened and attacked by a gang over a period of months, retrieved a gun immediately after being threatened by members of the same gang. *Id.* at 1297-98. Similarly, we have held that a defendant who possessed a shotgun for three days after an attack on his home did not establish the defense, because he was no longer under an imminent threat. *United States v. Bell*, 214 F.3d 1299, 1301 (11th Cir. 2000) (citing *United States v. Parker*, 566 F.2d 1304, 1306-07 (5th Cir. 1978), in which we concluded that a defendant who held a shotgun for thirty minutes after being attacked at his home could not establish the

4

defense). In addition, the defendant must show that the police were unwilling to protect him. *See Bell*, 214 F.3d at 1302.

Since Moss did not proffer evidence sufficient to prove the essential elements of a justification defense, and Moss's testimony was irrelevant and possibly detrimental to his entrapment defense, we conclude that the district court properly found that his testimony was intended to inspire a jury to exercise nullification. Accordingly, we affirm the court's order granting the government's motion *in limine* and excluding Moss's testimony on a justification defense.

## II. Denial of jury instruction on justification

"We review a district court's refusal to give a requested jury instruction for abuse of discretion." *United States v. Carrasco*, 381 F.3d 1237, 1242 (11th Cir. 2004). We review *de novo* the issue of whether the defense produced sufficient evidence to sustain a requested instruction. *United States v. Calderon*, 127 F.3d 1314, 1329 (11th Cir. 1997). "A district court's refusal to give a requested instruction is reversible error if (1) the requested instruction was a correct statement of the law, (2) its subject matter was not substantially covered by other instructions, and (3) its subject matter dealt with an issue in the trial court that was so important that failure to give it seriously impaired the defendant's ability to defend himself." *Carrasco*, 381 F.3d at 1242 (quoting *United States v. Paradies*,

5

98 F.3d 1266, 1286 (11th Cir. 1996)).  A requested "theory of the defense" instruction is not substantially correct unless it has both legal support and some basis in the evidence. *United States v. Hedges*, 912 F.2d 1397, 1405-06 (11th Cir.1990).

Because the record demonstrates that Moss did not produce sufficient evidence to support a justification defense, we conclude that the district court did not abuse its discretion in refusing to give an instruction on Moss's justification defense.  Consequently, we affirm as to this issue.

### III. Prosecutorial misconduct

"[We] review[] a prosecutorial misconduct claim *de novo* because it is a mixed question of law and fact."  *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006) (reviewing whether prosecutor's comments during opening and closing arguments amounted to misconduct), *cert. denied*, 127 S. Ct. 1305 (2007). When evaluating claims of prosecutorial misconduct, we examine the context of the entire trial to determine whether the prosecutor's statements (1) were improper, and (2) prejudicially affected the substantial rights of the defendant.  *United States v. Wilson*, 149 F.3d 1298, 1301 (11th Cir. 1998).

Because we conclude from the record that the government's remarks during its closing argument were not improper, and moreover, that Moss's substantial

6

rights were not prejudicially affected, the district court did not err by allowing the government's closing statements about entrapment. Consequently, we affirm as to this issue.

For the above-stated reasons, we affirm Moss's conviction.

**AFFIRMED.**