[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16478
Non-Argument Calendar

_____

D. C. Docket No. 08-00012-CR-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT BRUCE SINGLETARY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 10, 2009)

Before DUBINA, Chief Judge, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Albert Bruce Singletary appeals his conviction, pursuant to a

conditional plea agreement, of one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(1) and 924(a)(2).

Singletary raises several issues on appeal. First, he argues that because courts must consider jurisdictional issues *sua sponte*, we should evaluate the jurisdictional issue raised by his *pro se* pleadings: namely, if either the district court had jurisdiction to hear the case or the federal government had jurisdiction to prosecute him when he was initially arrested for a state probation violation.

Second, he argues that the district court wrongly granted the government's *in limine* motion to exclude evidence of his justification defense. He contends that his proffered testimony would demonstrate he possessed a gun because he was under a constant threat of injury or harm and that the police had not been willing to help. The conditional plea agreement reserved his right to appeal this issue.

Finally, he argues that the district court's denial of his motion to withdraw his guilty plea was arbitrary and unreasonable. He contends that he entered into the plea because he was unable to proceed *pro se* unless he did so without access to a law library. He also argues that the district court violated his constitutional and statutory right to represent himself when it denied him the right to access a law library if he elected to proceed *pro se*.

## I.

Federal courts are obligated to inquire *sua sponte* into jurisdiction where it may be lacking. *University of South Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). We review a district court's determination of subject matter jurisdiction *de novo*. *United States v. Evans*, 476 F.3d 1176, 1178 (11th Cir. 2007).

United States District Courts have "original jurisdiction . . . of all offenses against the laws of the United States." 18 U.S.C. § 3231. In *United States v. Ucciferri*, 960 F.2d 953, 954-55 (11th Cir. 1992), we held that even where state officials conducted most of an investigation, federal prosecutors possessed full authority to bring a federal indictment so long as they alleged a violation of federal law.

The indictment here alleged a violation of a federal law. Therefore, we conclude that the federal government had authority to prosecute Singletary, and the district court had jurisdiction to hear the case. The fact that he was arrested initially for a violation of a state law does nothing to deprive the government of the authority to prosecute him for a federal crime or for the federal court to hear the case.

## II.

We review a district court's grant of a motion *in limine* for an abuse of

discretion. *United States v. Thompson*, 25 F.3d 1558, 1563 (11th Cir. 1994).

However, we review *de novo* a district court's determination of whether a certain

defense is available. *See id.*

A justification defense under § 922(g)(1) is permissible if a defendant can

show that:

> (1) [he] was under [an] unlawful and present, imminent, and
> impending threat of death or serious bodily injury; (2) [he] did not
> negligently or recklessly place himself in a situation where he would
> be forced to engage in criminal conduct; (3) [he] had no reasonable
> legal alternative to violating the law; and (4) that there was a direct
> causal relationship between the criminal action and the avoidance of
> the threatened harm.

*United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000). This defense is

reserved for extraordinary circumstances, however. *Id.*; *United States v. Rice*, 214

F.3d 1295, 1297 (11th Cir. 2000). In *Rice*, the defendant had been threatened and

harassed by gang members repeatedly, beaten and robbed at least twice, attacked at

least three other times, and subjected to several other attempted attacks. 214 F.3d

at 1297-98. Further, Rice claimed that at the time he was arrested, he had been

threatened by the gang members on his way to the store, then proceeded home to

4

get a gun for his protection. *Id.* at 1298. Nevertheless, we held that those facts did not establish an "immediate emergency" necessary to establish a justification defense.

We conclude from the record that the district court did not err in granting the motion *in limine*. It noted that although Singletary alleged he was the repeated target of threats and harassment over time, at the time he was stopped with the gun, he was on his way to work and there was no sign of imminent danger or emergency. His claim is very similar to the claim in *Rice*, in that he alleged repeated threats, but did not show an immediate, emergency situation that required possession of the gun at that moment. Therefore, we conclude that the district court was correct to grant the government's motion.

III.

Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777, 123 L. Ed. 2d 508 (1993) (internal quotation marks omitted). Non-jurisdictional issues that are otherwise not reserved as part of a conditional guilty plea are waived. *United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

The record demonstrates that Singletary pleaded guilty pursuant to a conditional written plea agreement. The agreement permitted Singletary to raise

the jurisdictional argument and the grant of the government's *in limine* motion on appeal. It did not, however, permit him to raise the issue of whether he was improperly denied access to a law library, either as a basis to withdraw his guilty plea or as a violation of his right to proceed *pro se*. In agreeing to plead guilty, he had the assistance of counsel, stated that he was pleading guilty knowingly and voluntarily, and that he understood that the appeal waiver would prevent him from appealing any issue not specifically reserved. Therefore, the argument that he was improperly denied access to a law library is waived.

For the above-stated reasons, we affirm Singletary's conviction.

**AFFIRMED.**