[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12496
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00174-WSD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER ASHU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 16, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Peter Ashu appeals his misdemeanor conviction for forcibly resisting federal Immigration and Customs Enforcement agents engaged in their official duties in violation of 18 U.S.C. § 111(a). At his trial before a magistrate judge, Ashu, a citizen of Cameroon, offered necessity as an affirmative defense. The magistrate, assuming the availability of the defense, concluded Ashu could not prove the elements of necessity and found him guilty. Ashu appealed to the district court, which upheld the conviction. In this appeal, Ashu argues the district court erred in finding he did not establish the elements of the necessity defense. After review, we affirm.[1]

To prevail on a necessity defense, a defendant must establish by a preponderance of the evidence (1) he was under a present, imminent, and impending threat of death or serious bodily injury, (2) he did not recklessly or negligently place himself in a situation where he would be forced to engage in criminal conduct, (3) he had no reasonable, legal alternative to violating the law, and (4) his criminal conduct bore a direct causal relationship to avoiding the threatened harm. *United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir.

_____

[1] We review *de novo* a district court's determination whether a defendant has proffered sufficient evidence to permit the defense of necessity. *See United States v. Dicks*, 338 F.3d 1256, 1257 (11th Cir. 2003).

2000). Proving imminent danger "requires nothing less than an immediate emergency." *United States v. Rice*, 214 F.3d 1295, 1297 (11th Cir. 2000).

Assuming, without deciding, necessity was a defense available for this offense, Ashu did not present sufficient evidence to prevail. He did not offer adequate evidence showing he would be in imminent danger on the day of removal or immediately upon his arrival in Cameroon. *See Deleveaux*, 205 F.3d at 1297. In fact, Ashu testified he would feel safe in certain parts of Cameroon. Ashu further claimed his eye injury would worsen considerably because of lack of health care in Cameroon, but he failed to establish his injury presented an immediate emergency. *See Rice*, 214 F.3d at 1297. In addition, Ashu had legal alternatives available to him—he could have petitioned this Court for review of any of the adverse decisions in his immigration proceedings rather than forcibly resist his removal. *See Deleveaux*, 205 F.3d at 1297.

**AFFIRMED.**