[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15317
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-00562-SLB-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER GILCREST,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 25, 2019)

Before ED CARNES, Chief Judge, WILSON, and HULL, Circuit Judges.

PER CURIAM:

A jury found Christopher Gilcrest guilty of possessing ammunition after being convicted of a felony.  This is his appeal.

## I.

This case began with what the district court called a "wild west shoot-out." Marcus Calhoun and his mother were loading groceries into their car outside a convenience store in Montgomery, Alabama, when Gilcrest walked up to them. The two men shook hands. Then they pulled guns on each other. (There's a dispute about who drew first, but that does not matter.) Calhoun's mother pulled her son into the store and away from Gilcrest, but Calhoun forced his way back out. Gilcrest fired a single shot at Calhoun — and into a store full of people. Calhoun's mother pulled him back inside, but he broke away again and charged out the door, firing at Gilcrest. Gilcrest shot back several times. In the mayhem, Calhoun and an unlucky bystander were shot.

Police officers and federal agents investigated the scene. They did not find the guns that the men had used, but they did find several spent shell casings. At the spot where Gilcrest had been standing, they found five .40 caliber casings. A forensic examination showed that all five casings had been fired by the same gun and had been manufactured by Winchester, which does not make ammunition in Alabama.

A federal grand jury indicted Gilcrest in December 2016. The indictment charged that he had possessed "in and affecting commerce . . . .40 caliber live ammunition and casings" after being convicted of a felony, in violation of

2

18 U.S.C. § 922(g)(1).[1]  Before trial the government moved in limine to exclude any evidence offered in support of a justification defense.  The court granted the government's motion.  At the close of evidence, Gilcrest requested that the court instruct the jury on justification, but the court declined to do so.  The court also refused to let Gilcrest argue that defense in summation.  The jury returned a general verdict of guilty.

Gilcrest appeals his conviction.  He raises an as-applied constitutional challenge to § 922(g)(1), arguing that the statute exceeds Congress' power under the Commerce Clause, U.S. Const. Art. I, § 8, cl. 3, to the extent that it makes criminal the possession of mere shell casings that have traveled in interstate commerce.  He also contends that the evidence was insufficient to support a finding that he possessed live ammunition that had traveled in interstate commerce, and that the district court had erred by refusing to let him present a justification defense.

## II.

Gilcrest admits that he did not raise in the district court his constitutional contention about the Commerce Clause.  We review only for plain error the district court's failure to rule, on its own initiative, that a statute is unconstitutional.  See

---

[1] The statutory definition of "ammunition" includes both live rounds and "cartridge cases."  18 U.S.C. § 921(a)(17)(A).

United States v. Candelario, 240 F.3d 1300, 1306 (11th Cir. 2001).  And "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving" the issue.  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

In his opening brief, Gilcrest says that "this Court has not yet addressed whether § 922(g)(1) is constitutional as applied to a defendant who allegedly possessed just a single component of ammunition that had traveled in interstate commerce."  He does not cite any controlling decision from this Court or the Supreme Court holding that § 922(g)(1) is unconstitutional as applied in that way. Instead he cites three published opinions in which we upheld the constitutionality of § 922(g)(1), both facially and as applied in those cases.  See United States v. Jordan, 635 F.3d 1181, 1189–90 (11th Cir. 2011); United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001); United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996).  Without any precedent that directly resolves the constitutional question in his favor, Gilcrest cannot prevail under plain error review.

## III.

In addition to his legal contention, Gilcrest makes a factual one: that the evidence was insufficient to show he possessed live ammunition that had traveled in interstate commerce.  At trial a government witness admitted that the rounds Gilcrest fired might have been "reloads" — that is, spent shell casings that were

4

converted back into usable ammunition. If the rounds were reloads, they might have been assembled in Alabama even though the shell casings were manufactured elsewhere. Gilcrest argues that because of that possibility, no reasonable jury could have found beyond a reasonable doubt that he possessed live ammunition that had traveled in interstate commerce.

We do not have to decide that question. The court instructed the jury on two alternative theories of the case: that Gilcrest possessed live ammunition that had traveled in interstate commerce, and that he possessed shell casings that had traveled in interstate commerce. When a jury is instructed on two alternative theories, both of which are legally sufficient, and it returns a general guilty verdict, we must uphold the verdict as long as at least one of the theories was supported by the facts. See Griffin v. United States, 502 U.S. 46, 59–60 (1991).[2] Gilcrest has not established that either of the government's theories was legally insufficient. So we must affirm the jury's verdict if the evidence was sufficient to prove that Gilcrest possessed shell casings that had traveled in interstate commerce. There was plenty of evidence at trial to support that finding.

---

[2] Gilcrest cites United States v. Elkins, 885 F.2d 775 (11th Cir. 1989), for the proposition that "[a] general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient, because the verdict may have rested exclusively on the insufficient ground." Id. at 782 (quotation omitted). But Elkins dealt with a question of legal sufficiency. See id. As the Supreme Court explained in Griffin, a different standard applies to questions of factual sufficiency. See 502 U.S. at 59.

We review <u>de novo</u> the sufficiency of the evidence supporting the interstate commerce element of § 922(g)(1), "viewing the evidence and all reasonable inferences therefrom in the light most favorable to the government." <u>United States v. Clay</u>, 355 F.3d 1281, 1286 (11th Cir. 2004) (quotation marks omitted). We apply that standard of review regardless of whether Gilcrest preserved error in the district court. <u>See id.</u>[3] A government witness testified that the shell casings in question were made by Winchester, and that Winchester does not make ammunition in Alabama. A reasonable jury could have inferred from that testimony that the shell casings came from out of state. Gilcrest admits as much in his brief, saying that "the Government's evidence did show that those casings . . . traveled in interstate commerce." His argument on the sufficiency of the evidence lacks merit.

## IV.

Gilcrest contends that the district court erred because it did not let him present evidence in support of a justification defense. We review that ruling <u>de novo</u>. <u>See</u> <u>United States v. Dicks</u>, 338 F.3d 1256, 1257 (11th Cir. 2003). We have held that "the defense of justification may be available to a § 922(g)(1) charge,"

---

[3] Normally Gilcrest would be entitled only to plain error review of sufficiency challenges that he did not raise in the district court. <u>See</u> <u>United States v. Baston</u>, 818 F.3d 651, 664 (11th Cir. 2016). But as the government concedes, the interstate commerce element of § 922(g)(1) is different. <u>See</u> <u>Clay</u>, 355 F.3d at 1286.

6

but only in "extraordinary circumstances." United States v. Deleveaux, 205 F.3d 1292, 1297 (11th Cir. 2000). It is an affirmative defense, so the burden of proof is on the defendant. See Dicks, 338 F.3d at 1257. To prove justification the defendant must show, among other things, that he was "under unlawful and present, imminent, and impending threat of death or serious bodily injury" when he possessed the gun or ammunition. Deleveaux, 205 F.3d at 1297 (quotation omitted). There must have been "an immediate emergency." United States v. Rice, 214 F.3d 1295, 1297–98 (11th Cir. 2000). "Generalized danger" is not enough. Id. Before presenting the theory to the jury, the defendant must proffer enough facts to support all the elements of the defense. See United States v. Montgomery, 772 F.2d 733, 736 (11th Cir. 1985).

Gilcrest proffered that a surveillance video of the shootout would show that Calhoun was the aggressor, and that he shot at Calhoun in self-defense. He argued that he was justified in possessing ammunition because Calhoun posed an immediate threat to his life. But even if Calhoun started the gunfight, that does not justify Gilcrest's possession of ammunition before he ran into Calhoun. The proffer did not show, and Gilcrest has never suggested, that he somehow came across the ammunition after Calhoun confronted him. Viewing the proffered facts in the light most favorable to Gilcrest, see United States v. Ruiz, 59 F.3d 1151, 1154 (11th Cir. 1995), the only possible inference is that Gilcrest brought a loaded

7

gun with him to the store and thereby possessed ammunition before he faced an imminent threat. For that reason, the district court correctly ruled that Gilcrest could not present evidence of justification at trial. See Rice, 214 F.3d at 1298–99 ("Because [the defendant] has not shown that his possession of the firearm occurred only while faced with an 'unlawful and present, imminent, and impending threat of death or serious bodily injury,' he failed to establish a justification defense. There was no error in excluding the proffered evidence.") (emphasis added) (citation omitted).[4]

Gilcrest's remaining contentions — that the district court wrongly refused to instruct the jury on justification and that it should have let him argue the defense in summation — lack merit. The surveillance video itself, which was played at trial, showed Gilcrest pulling a gun out of his pocket and shooting. It did not show him finding ammunition just in time to defend himself, and there was no trial testimony to that effect, so he must have possessed ammunition before he was in imminent danger. A reasonable jury could not have found otherwise. Because the evidence did not support a justification defense, the court did not err when it refused to instruct the jury on that theory. See United States v. Palma, 511 F.3d 1311, 1315

---

[4] Gilcrest also proffered that Calhoun had threatened him and his family before the shootout, and that Calhoun was known to carry a gun. That would prove, at most, that Gilcrest was in "generalized danger," which is not enough to justify his possession of ammunition. See Rice, 214 F.3d at 1298.

(11th Cir. 2008). The court also properly refused to let Gilcrest argue the defense in summation because it was not supported by the facts. See United States v. Harris, 916 F.3d 948, 954 (11th Cir. 2019).

V.

After Gilcrest filed his opening brief, the Supreme Court held in Rehaif v. United States, 139 S. Ct. 2191 (2019), that to convict a defendant under § 922(g) and 18 U.S.C. § 924(a)(2) the government must prove that "he knew he belonged to the relevant category of persons barred from possessing a firearm" or ammunition. Id. at 2200. On Gilcrest's motion, we ordered the parties to submit supplemental briefs about the effect, if any, of Rehaif on this appeal. See United States v. Durham, 795 F.3d 1329, 1330–31 (11th Cir. 2015) (en banc).

In his supplemental brief, Gilcrest contends that we must vacate his conviction in light of Rehaif. He challenges his indictment because it does not allege that he knew he was a felon at the time he possessed ammunition. He also asserts that there was no evidence presented at trial showing he knew he was a felon when he possessed ammunition, and that the district court erred when it failed to instruct the jury that such knowledge is an element of the offense.

Because Gilcrest raises those challenges for the first time on appeal, our review is only for plain error. See United States v. Reed, No. 17-12699, slip op. at 4 (11th Cir. Oct. 28, 2019) (to be published). Gilcrest argues in his supplemental

brief that we should review his evidentiary challenge de novo because he preserved error by making a "general" motion for judgment of acquittal in the district court. But the record shows that he actually made a specific challenge to the sufficiency of the evidence connecting him to the shell casings found at the scene of the shooting. "When a defendant raises specific challenges to the sufficiency of the evidence in the district court, but not the specific challenge he tries to raise on appeal, we review his argument for plain error." United States v. Baston, 818 F.3d 651, 664 (11th Cir. 2016).

To prevail under plain error review, Gilcrest must establish that the asserted error affected his substantial rights. See Reed, No. 17-12699, slip op. at 5. We may consult the entire record when considering the effect of an error on Gilcrest's substantial rights. Id.; see United States v. Olano, 507 U.S. 725, 734 (1993) (stating that ordinarily, for a court to correct unpreserved error, "the error must have been prejudicial: It must have affected the outcome of the district court proceedings.").

The record shows that at the time of the offense, Gilcrest knew he had been convicted of a crime punishable by more than a year in prison because he had served more than a year in prison on more than one occasion. He also had a prior conviction for possessing a firearm as a felon, which was enough on its own to inform him of his status. Gilcrest admitted those facts at sentencing by failing to

10

object to the relevant parts of the Presentence Investigation Report.  See Reed, No. 17-12699, slip op. at 7.  And at trial he stipulated to being a felon at the time of the offense.  Because the record establishes that Gilcrest knew he was a felon when he possessed ammunition, any error under Rehaif did not affect his substantial rights. His challenge fails under plain error review.

**AFFIRMED.**

11