[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11141

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BILLY J. PELLETT, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 3:19-cr-00038-MCR-1

_____

Before GRANT, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Billy Pellett, Jr. ("Pellett") appeals his conviction for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Pellett concedes that the Government established the essential elements of the § 922(g)(1) offense, but he argues that his actions were legally justified and that the evidence offered at his bench trial was insufficient to support the district court's rejection of his justification defense and finding that he constructively possessed the firearm and ammunition longer than necessary to avoid imminent danger. Because we write only for the parties, we will not set out the facts at length in a separate section of this opinion.

We review *de novo* whether sufficient evidence supports a criminal conviction following a non-jury trial, and we "resolve all reasonable inferences in favor of the verdict." *United States v. Brown*, 415 F.3d 1257, 1270 (11th Cir. 2005). We view the evidence in the light most favorable to the Government, and we must hold that the evidence underlying a conviction is sufficient so long as there is a reasonable basis for the verdict in the record. *Id.* at 1270–71. "It is not our function to make credibility choices or to pass upon the weight of the evidence." *Id.* at 1270 (quoting *United States v. Turner*, 812 F.2d 1552, 1563 (11th Cir. 1987)).

"To establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce. *United States v. Deleveaux*, 205 F.3d 1292, 1296–97 (11th Cir. 2000). Possession of a firearm is a continuing offense—*i.e.*, the offense continues as long as the possession continues. *United States v. D'Angelo*, 819 F.2d 1062, 1066 (11th Cir. 1987). Possession of a firearm may be either actual or constructive and may be shown by both circumstantial and direct evidence. *United States v. Crawford*, 906 F.2d 1531, 1535 (11th Cir. 1990). Actual possession exists when a defendant knowingly has "direct physical control over" a firearm. *Henderson v. United States*, 575 U.S. 622, 626, 135 S. Ct. 1780, 1784 (2015). Constructive possession exists when a defendant "(1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over [the] firearm." *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011); *see also Henderson*, 575 U.S. at 626, 135 S. Ct. at 1784 ("Constructive possession is established when a person, though lacking such physical custody, still has the power and intent to exercise control over the object.").

Pellett conceded at trial that the Government had satisfied the elements of the § 922(g)(1) charge against him. But he asserted the affirmative defense of justification. The justification defense may be available in § 922(g)(1) cases, but only in "extraordinary circumstances." *Deleveaux*, 205 F.3d at 1297. To establish a

justification defense, the defendant must prove by a preponderance of the evidence the following four elements:

> (1) that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury; (2) that the defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) that the defendant had no reasonable legal alternative to violating the law; and (4) that there was a direct causal relationship between the criminal action and the avoidance of the threatened harm.

*Id.* at 1297; *see also id.* at 1299 (stating that defendants must prove the justification affirmative defense "by a preponderance of the evidence"). "The first prong requires nothing less than an immediate emergency." *United States v. Rice*, 214 F.3d 1295, 1297 (11th Cir. 2000). In other words, "generalized danger" cannot satisfy the first prong of the justification defense. *Id.* at 1298. So, for a defendant to avail himself of the defense, he must "rid himself of possession of the firearm as promptly as reasonably possible." *United States v. Vereen*, 920 F.3d 1300, 1311 (11th Cir. 2019).

Here, the district court concluded that Pellett had shown that his initial possession of the firearm and ammunition was legally justified when he wrested control of the revolver away from his brother. But it also concluded that the justification defense was not available because Pellett did not end his possession of the revolver as quickly as he should have. *Vereen*, 920 F.3d at 1311. The

court determined that Pellett's possession of the revolver lasted longer than the danger posed to him by his brother:

> Pellett physically possessed the loaded revolver for approximately five to seven minutes—from the moment he disarmed his brother at his home until the moment he tossed the gun to the ground on Triumph Street. Although no longer in actual possession of the gun, at that point, Pellett's possession became constructive, as . . . he was aware of and knew that he had placed the revolver at his feet by the motorcycle, and he had the ability and intent to later retrieve it, whether to dispose of it or otherwise. If he truly intended to permanently discard the revolver in that moment . . . , he could have easily done so by throwing it into the wooded overgrowth. He did not. Instead, Pellett constructively possessed the loaded revolver for several minutes, until law enforcement discovered and seized it. By that time, the imminent threat of death or serious bodily injury from his brother had been over for nearly 10 minutes. Indeed, [his brother] was nowhere to be seen and Pellett acknowledged feeling he was "in a safe environment" once he arrived at the Triumph Street location. Yet he did not promptly dispose of the revolver. And, significantly, when law enforcement arrived, Pellett did not immediately turn over the revolver to them or tell them about it. Instead, he concealed it and initially denied having even placed it on the ground.

6                    Opinion of the Court                    21-11141

The district court then concluded that Pellett failed to avail himself of two reasonable legal alternatives to continued possession of the revolver: (1) permanently disposing of the revolver in the woods by the street or (2) surrendering it to the police upon their arrival.

On appeal, Pellett argues that the evidence presented at trial was insufficient to support his § 922(g)(1) conviction because the district court erroneously rejected his justification defense. In particular, he argues that he did end his possession as quickly as reasonably possible under the circumstances and that he was not in constructive possession of the revolver after he threw the gun and it landed underneath his motorcycle.

Here, the record reasonably supports the district court's finding that Pellett constructively possessed the firearm and ammunition longer than necessary. Specifically, the record shows that, after the threat had subsided—*i.e.*, after Pellett had driven away from his brother to "a safe environment,"—he opted to toss the firearm underneath his motorcycle, rather than into some wooded overgrowth nearby him where he could not retrieve it. Moreover, when law enforcement arrived, Pellett did not tell the officers about the firearm and try to turn it over to them; rather, he concealed it, and after they discovered it, he initially denied having placed it on the ground.

On appeal, Pellett argues that he attempted to throw the revolver away from him but could not do so because of an injury to his hand. The district court "discredit[ed]" this argument, though, because it was inconsistent with Pellett's statements to one of the

police officers at the scene which were recorded by the officer's dashboard camera.  Based on these statements, the district court found that Pellett "intentionally" threw the revolver under his motorcycle and knew it was there.  Pellett has not argued on appeal that this factual finding by the court was clearly erroneous.  Moreover, even if we disagreed with the district court's finding, we do not reweigh the evidence or independently assess the credibility of defendant's testimony.  *Brown*, 415 F.3d at 1270.  Accordingly, we cannot conclude that the district court erred by determining that a reasonable legal alternative existed because Pellett could have more permanently disposed of the revolver by throwing it into the woods on the side of the road, or he could have surrendered it to law enforcement when they arrived.

Moreover, we cannot conclude that the district court erred by determining that Pellett had constructive possession of the firearm after he threw it under his motorcycle.  On appeal, Pellett argues that "there was no evidence" to support the district court's conclusion that he was in constructive possession of the revolver during the time after he threw the revolver and before the police found it on the ground. We disagree. Viewing the evidence in the light most favorable to the Government, *Brown*, 415 F.3d at 1270, the district court did not err by concluding that Pellett was in constructive possession of the revolver while it was under his motorcycle.  When the police arrived, Pellett did not notify the officers of the revolver.  Moreover, he knew the revolver was at his feet. Based on these facts, the district court did not err by concluding

that Pellett had constructive possession of the revolver.  *Perez*, 661 F.3d at 576 (stating that constructive possession exists when a defendant "(1) was aware or knew of the firearm's presence and (2) had the ability and intent to later exercise dominion and control over [the] firearm").

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**