09-5342-cr
*United States v.Malachowski*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand eleven.

PRESENT:   JOHN M. WALKER, JR.,
           BARRINGTON D. PARKER,
           DEBRA ANN LIVINGSTON,
                     *Circuit Judges.*

---

UNITED STATES OF AMERICA,
           *Appellee*,

   -v.-                                              No. 09-5342-cr

MARCEL MALACHOWSKI,
           *Defendant-Appellant*,

---

PAUL D. SILVER, Assistant United States Attorney (Carl G. Eurenius, Tamara Thomson, Assistant United States Attorneys, *on the brief*) *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Albany, New York.

GAIL M. BLASIE, Strazzullo Law Firm, New York, New York, *for Defendant-Appellant*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Marcel Malachowski appeals from a judgment of conviction entered on December 24, 2009 on counts of possession of machine guns, 18 U.S.C. § 922(o); possession of firearm silencers, 26 U.S.C. §§ 5845(a) and 5861(d); illegal entry and reentry, 8 U.S.C. §§ 1325(a) and 1326(a); and being an illegal alien in possession of firearms, 18 U.S.C. § 922(g)(5)(A). On appeal, Malachowski raises a myriad of issues, among them claims that: (1) several counts of the indictment were duplicitous; (2) the government engaged in "outrageous" conduct warranting dismissal of the indictment; (3) the evidence did not establish his "possession" of firearms for purposes of his conviction on certain counts; (4) the evidence was otherwise insufficient to support the conviction; (5) the district court erred in failing to further investigate, or grant relief on the basis of, defendant's claim of juror misconduct, and (6) the district court erred in not instructing the jury on a statutory affirmative defense to the illegal entry charges. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those issues only as necessary to facilitate this discussion.

**A.      Multiplicitous Counts**

We review a preserved claim of multiplicitous charges *de novo*, *United States v. Mejia*, 545 F.3d 179, 204 (2d Cir. 2008), finding multiplicity where an indictment "charges in separate counts two or more crimes, when in law and fact, only one crime has been committed," *United States v. Handakas*, 286 F.3d 92, 97 (2d Cir. 2002). In applying that standard, we consider "whether each [count] requires proof of a fact which the other does not." *United States v. Finley*, 245 F.3d 199,

2

205 (2d Cir. 2001) (internal quotation marks omitted); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Malachowski contends that Count One—unlawful possession of a machine gun—and Count Six—being an illegal alien in possession of a firearm—were multiplicitous. We disagree. Each required the government to prove one distinct fact the other did not: Count One required the government to show that Malachowski possessed not just any firearm but a machine gun, and Count Six required the government to show not just that Malachowski possessed a firearm, but that he did so while being in the country unlawfully.

Alternatively, Malchowski contends Count Six is multiplicative of Count Threes and Four, which charged Malachowski with entering the United States at a place other than one designated by immigration officials. This claim was not raised below and we thus review it for plain error. *United States v. Savarese*, 404 F.3d 651, 656 (2d Cir. 2005). We see no error, let alone plain error, in the district court's failure to raise the issue *sua sponte* and to dismiss one or more of the counts since the two counts not only contain distinct factual elements but were brought pursuant to statutes clearly intended to punish distinct criminal activity. *Cf. United States v. Khalil*, 214 F.3d 111, 117 (2d Cir. 2000) ("[T]he first step in the . . . analysis is to determine whether . . . Congress intended that each violation be a separate offense."). Accordingly, we reject this claim as well.

## B.    Outrageous Government Conduct

Malachowski next contends that the district court erred in failing to find that the government engaged in "outrageous government conduct," requiring that the indictment be dismissed. "A motion to dismiss an indictment alleging outrageous governmental conduct" presents "a question

of law" that we review *de novo*. *United States v. Cuervelo*, 949 F.2d 559, 567 (2d Cir. 1991). "[T]o obtain dismissal of an indictment based upon a claim of outrageous governmental conduct, a defendant must establish that the government engaged in outrageous behavior in connection with the alleged criminal events and that due process considerations bar the government from prosecuting" him as a result. *Id.* at 565.

We see no such "outrageous behavior" in this case. To the contrary, the government activity cited by Malachowski in support of this claim—e.g., the use of an undercover agent, a cooperating witness, and a "sting" operation—is well within the realm of standard investigatory techniques, and Malachowski identifies nothing about *this* undercover agent, cooperating witness, or sting operation that would lead to a contrary conclusion on these facts. *Cf. United States v. Schmidt*, 105 F.3d 82, 91 (2d Cir. 1997) ("Ordinarily [the] official misconduct must involve either coercion, or violation of the defendant's person. Absent such extreme misconduct, relief in the form of reversal of a conviction is rare." (internal citations omitted)); *United States v. Chin*, 934 F.2d 393, 398 (2d Cir. 1991) (to warrant dismissal of an indictment, "the governmental conduct" must be "so offensive that it shocks the conscience.").

### C.    "Possession" of a Firearm

Malachowski next contends that he did not "possess" a machine gun, silencer, or firearm for purposes of his convictions on Counts One, Two, and Six of the indictment, and, accordingly, that the district court erred in denying his motion for judgment of acquittal made pursuant to Fed. R. Crim. P. 29 on that ground. Specifically, he contends that the trial evidence established no more than that he briefly held seven weapons handed to him by the government's undercover agent and,

4

as such, he did not "possess" them at any time. We review a denial of a Rule 29 motion *de novo*. *United States v. Amico*, 486 F.3d 764, 780 (2d Cir. 2007). However, where, as here, that motion raises a sufficiency-of-the-evidence argument, a defendant faces a "heavy burden" because a verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000).

Here, the evidence viewed in the light most favorable to the government established that Malachowski actually held at least seven of the weapons—including one machine gun and one silencer—in his hand in the context of negotiating a purchase of the weapons. Our law makes clear that "[t]his fact alone was sufficient to allow a jury to find actual possession, however briefly it occurred." *United States v. Gaines*, 295 F.3d 293, 300 (2d Cir. 2002); *see also United States v. Lane*, 267 F.3d 715, 718 (7th Cir. 2001) (same); *United States v. Adkins*, 196 F.3d 1112, 1115 (10th Cir. 1999) (same); *United States v. Parker*, 566 F.2d 1304, 1306 (5th Cir. 1978) (same).

For the first time on appeal, Malachowski contends that the district court's jury charge—which instructed jurors that "[a] person who physically holds an object or knowingly has it on his person is in actual possession of the object"—misstated the law. We apply the plain error standard of review to the unpreserved claim, and, in so doing, find no basis for reversing on these facts. The district court's instruction substantially mirrored our language in *Gaines* as set forth above, and, accordingly, even assuming we could find fault in the instruction, we would be unable to deem the error so "clear or obvious, rather than subject to reasonable dispute" as to warrant reversal on plain error review. *United States v. Deandrade*, 600 F.3d 115, 119 (2d Cir. 2010) (internal quotation marks omitted).

5

Finally, Malachowski contends, also for the first time on appeal, that the district court erred in calculating the number of firearms he possessed—and thus the appropriate Guidelines enhancement—for purposes of sentencing. Specifically, he argues that in determining the "number of firearms" involved in the offense pursuant to section 2K2.1 of the Guidelines, the district court erroneously included all 58 of the firearms presented for sale by the government's undercover agent, as opposed to merely counting the seven firearms Malachowski held in his hand and thus "possessed." This argument is without merit. The commentary to section 2K2.1 makes clear that the district court may count "those firearms that were unlawfully *sought to be obtained*," USSG § 2K2.1 Cmt. 5 (emphasis added), and there was ample evidence in the record from which the district court could have concluded that Malachowski "sought to obtain" all 58 weapons, even if he touched only seven of them at the time. Accordingly, we see no basis for disturbing that finding on appeal.

## D. Sufficiency of the Evidence

Malachowski also contends the district court erred in denying his Rule 29 motion on the ground that no reasonable juror could have failed to credit his affirmative defense of entrapment. As we have previously explained, in this context, such a claim amounts to an argument that the government's evidence was insufficient as a matter of law to establish his predisposition to commit the crimes charged. *See United States v. Brand*, 467 F.3d 179, 190-91 (2d Cir. 2006). As set forth above, we review a challenge to a denial of a Rule 29 motion *de novo*. After doing so here, we find no basis in this record for disturbing the ruling of the district court.

Predisposition may be shown through evidence of "(1) an existing course of criminal conduct similar to the crime for which the defendant is charged, (2) an already formed design on the

6

part of the accused to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the accused's ready response to the inducement." *United States v. Brunshtein*, 344 F.3d 91, 101-02 (2d Cir. 2003). Here, viewed in the light most favorable to the government, the evidence at trial established the following: first, that Malachowski had previously engaged in a similar course of illegal activity—namely, he had previously expressed interest in illegally purchasing weapons for resale from the same cooperating witness; and, second, that Malachowski readily responded to the government's inducement in this case, as evidenced in a series of recorded conversations between the defendant and the cooperating witness. On this record, a reasonable jury not only could but *did* find that the government had established predisposition and had therefore rebutted the affirmative defense of entrapment, and Malachowski identifies no basis on appeal for us to disturb that finding.

### E.	Alleged Juror Misconduct

Malachowski next contends that the district court erred in failing to sufficiently investigate allegations of juror misconduct or grant a new trial on that basis. This claim turns on statements Malachowski contends that one juror made to defense counsel after the trial. Specifically, Malachowski contends that a juror told defense counsel that he had visited a gun shop approximately 2-3 weeks prior to the trial and asked to see a particular gun; that the juror was denied the chance to hold the weapon on the ground that he did not have a gun permit on his person; that the juror did some further "research" with respect to the incident at some unspecified later date; and that the juror had shared this experience with the full jury. The district court held an evidentiary hearing on the claim during which the juror in question testified under oath that the incident occurred 2-3 *years*

before the trial, and that, to the extent he had conducted research thereafter, he had not shared any of that research with his fellow jurors during the trial. Accordingly, the district court concluded that no misconduct had occurred.

We see no basis for disturbing that finding, let alone for faulting the district court's thorough investigation of this claim below. *Cf. United States v. Sabhnani*, 599 F.3d 215, 250 (2d Cir. 2010) ("A trial judge has broad flexibility in responding to allegations of [jury] misconduct, particularly when the incidents relate to statements made by the jurors themselves . . . ." (internal quotation marks omitted)). A claim of juror misconduct turns "not [on] the mere fact of infiltration of some molecules of extra-record matter . . . but [on] the nature of what has been infiltrated and the probability of prejudice." *United States ex rel. Owen v. McMann*, 435 F.2d 813, 818 (2d Cir. 1970). Here, even crediting defense counsel's account of the juror's conduct—i.e., even assuming the events in question took place several weeks before the trial and that those events were relayed to the full jury—we are unable to discern how that might have prejudiced the defense in this case. Absent, thus, any real probability of prejudice to Malachowski, we find no error in the district court's handling of the claim below or its failure to grant a new trial on this basis.

### F. Affirmative Defense Jury Instruction

Finally, Malachowski contends that the district court erred in failing to instruct the jury on the affirmative defense available pursuant to 8 U.S.C. § 1359 to the illegal entry charges. That section provides, in relevant part, that "[n]othing in this subchapter shall be construed to affect the right of American Indians born in Canada to pass the borders of the United States, but such right shall extend only to persons who possess at least 50 per centum of blood of the American Indian race." It is undisputed that Malachowski made no request for such an instruction below, and,

8

accordingly, we review the district court's "failure" to provide it for plain error.  *United States v. Bradley*, 812 F.2d 774, 778 (2d Cir. 1987).

Even assuming the record was sufficient to entitle Malachowski to such an instruction had he requested it —itself a highly questionable assumption given the dearth of evidence respecting his ancestry, *cf. United States v. Gonzalez*, 407 F.3d 118, 122 (2d Cir. 2005) ( "A defendant is entitled to an instruction on an affirmative defense only if the defense has a foundation in the evidence." (internal quotation marks omitted))—we see no basis for labeling as "plain error" the district court's failure to raise and issue the instruction *sua sponte*.[1]  In this regard, we note that Malachowski does not appear to have made much, if any, mention of the affirmative defense below, and he certainly did not argue it to the jury.  We thus cannot fault the district court for failing to provide an instruction *sua sponte* on a defense Malachowski did not even actively advance at trial.

To the extent Malachowski raises other arguments on appeal, we have considered those arguments and find them to be without merit.

---

[1]  Malachowksi also argues on appeal that the district court erred in failing to admit "Defendant's Exhibit 2"—a letter from the Canadian "Indian Registrar" confirming defendant's registration with that government "as an Indian and as a member of the Kamloops Band"—for the purpose of establishing this affirmative defense.  As a preliminary matter, it is far from clear from the record below that Malachowksi ever *sought* to admit that document for this purpose.  But even assuming that he did, we see no basis for disturbing the district court's denial of that request. *Cf. United States v. Miller*, 626 F.3d 682, 687-88 (2d Cir. 2010) ("Because we afford district courts wide latitude in determining whether evidence is admissible, we review its evidentiary rulings for abuse of discretion, reversing only if we find manifest error." (internal quotation marks, elipses, citations omitted)).

Accordingly, for the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk