13-0443-cr (L)
United States v. Malachowski

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fifteen.

PRESENT: RALPH K. WINTER,
         JOHN M. WALKER, JR.,
         DENNIS JACOBS,
                     Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         Appellee,

         -v.-                              13-0443 (Lead)
                                           14-0226  (Con)
MARCEL MALACHOWSKI,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              ROBIN C. SMITH, LAW OFFICE OF
                            ROBIN C. SMITH, San Rafael,
                            California.

FOR APPELLEE:               PAUL D. SILVER (with Carl G.
                            Eurenius on the brief), for
                            Richard S. Hartunian, United
                            States Attorney for the Northern

1

District of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Marcel Malachowski appeals from the judgment of the United States District Court for the Northern District of New York (Hurd, J.), denying his motions for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.[1]  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Malachowski's underlying convictions are for possession of machine guns, possession of firearm silencers, illegal entry and reentry, and being an illegal alien in possession of firearms.  See United States v. Malachowski, 415 F. App'x 307, 309 (2d Cir. 2011).  Malachowski raises four grounds for appeal: (i) the district court erred in finding that his Rule 33 submissions were untimely; (ii) the district court misapplied Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) to relevant evidence; (iii) the district court incorrectly held that testimony elicited by the government was not perjurious; and (iv) Malachowski's status as an American Indian born in Canada precludes his conviction on counts three, four, five and six.  We review "challenges to a district court's denial of a Rule 33 motion for an abuse of discretion and accept the district court's factual findings unless they are clearly erroneous."  United States v. McCourty, 562 F.3d 458, 475 (2d Cir. 2009) (internal quotation marks omitted).

---

[1] Malachowski separately appealed the sentence he recieved based on the role he played in a continuing criminal enterprise to import and distribute marijuana. Oral argument with respect to this appeal, United States v. Cook et al., No. 14-0203, was heard in tandem with the present case.

**Timeliness.**

Malachowksi's Rule 33 motions alleging newly discovered evidence were filed more than three years after the entry of a guilty verdict against him.[2] The late filing was not excused by routine mistakes his counsel made. See Pioneer Inv. Serv's Co. v. Brunswick Ass's Ltd. P'Ship, 507 U.S. 380, 397 (1993) ("[T]he Court of Appeals in this case erred in not attributing to respondents the fault of their counsel"); Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 369 (2d Cir. 2003) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules . . . . Counsel's lack of familiarity with federal procedure is not an acceptable excuse.") (internal quotation marks omitted). The district court therefore did not abuse its discretion in deeming Malachowski's Rule 33 motions untimely.

Malachowski argues that the district court was required to *sua sponte* construe Malachowksi's Rule 33 motions as motions brought pursuant to 28 U.S.C. § 2255. This argument attempts an end-run around the time bar in Rule 33. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) ("[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless . . . the court finds that . . . the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized."). Untimeliness, by itself, is a sufficient basis for affirming the district court's judgment.

**Brady & Giglio Claims.**

The district court did not abuse its discretion in concluding that any allegedly withheld evidence pertaining to government witness Hank Cook was cumulative of impeachment evidence that was presented at trial. Government Appendix ("G.A.") 99-104, 119, 137. Moreover, it

---

[2] In relevant part, Rule 33 of the Federal Rules of Criminal Procedure states: "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty."

is unlikely that the requested evidence would have affected the result. See United States v. Spinelli, 551 F.3d 159, 164 (2d Cir. 2008) ("[U]ndisclosed information is deemed material so as to justify a retrial only if there is a reasonable probability that, had [it] been disclosed to the defense, the result of the proceeding would have been different.") (internal quotation marks omitted). To the extent the government withheld statements by Cook outside the scope of his impeachment, they were immaterial to the conviction at issue in this appeal and cannot form the basis for either a Brady or Giglio violation. A. 373 (report detailing conversations between Cook and Malachowski concerning Malachowski's involvement in "smuggl[ing] loads of [m]arijuana"). Malachowski's contentions in his supplemental pro se brief that statements from Patrick Johnson and Owen Peters should have been provided to him in advance of trial are similarly meritless, as neither individual had information relevant to Malachowski's gun-related charges. See United States v. Malachowski, No. 5:08-cr-701 (Apr. 23, 2009) (Doc. 140).

**Perjury**.

Malachowski has provided no basis to disturb the district court's holding that a supervisory dismissal of the indictment was not warranted. Our previous decision in Malachowski, 415 F. App'x at 310-11, forecloses Malachowski's arguments that the trial evidence did not support a possession charge, and there is no other ground in the record for concluding that false testimony was provided to the grand jury or during trial. A. 44. Malachowski has therefore clearly fallen short of satisfying his considerable burden. See United States v. Bari, 750 F.2d 1169, 1176 (2d Cir. 1984) ("[D]ismissal is warranted only where the prosecutor's conduct amounts to a knowing or reckless misleading of the grand jury as to an essential fact."). And the district court acted well within its discretion in refusing to appoint a forensic audio expert *sua sponte* in response to Malachowski's motions, because all of the relevant recordings were available to Malachowski at the time of his trial, or could have been uncovered had Malachowski exercised due diligence. See United States v. Morse, 166 F.3d 1202, 1998 WL 907008 at *1 (2d Cir. 1998) (noting that the defendant "did not meet his burden of proving that the expert was reasonably necessary") (internal quotation marks omitted).

4

**Native American Status**.

Malachowski invokes 8 U.S.C. § 1359, which allows American Indians born in Canada to freely cross the borders of the United States, and contends that he was wrongfully convicted of counts three, four, five, and six. The statute extends only "to persons who possess at least 50 per centum of blood of the American Indian race," and we previously expressed skepticism that Malachowksi satisfied his burden of proof on this point. See Malachowski, 415 F. App'x at 313 (noting the "dearth of evidence respecting [Malachowski's] ancestry"). Neither the immigration officer assigned to Malachowksi's case nor the ATF agent investigating Malachowksi unearthed evidence of his American Indian heritage. G.A. 58, 146-47. And when Malachowski was arrested by a border patrol agent and asked "Do you claim any legal status in the United States?" Malachowski answered "No." G.A. 54. During this encounter, Malachowski also did not "claim any other citizenship or nationality." Id. Malachowksi has accordingly fallen short of prevailing on this claim.[3]

---

[3] Malachowski bore the burden of proof on this issue. See United States v. Curnew, 788 F.2d 1335, 1338 (8th Cir. 1986) ("[T]o establish a defense under section 1359, an individual must present some combination of evidence from which the finder of fact can reasonably conclude that the individual in fact possesses 50 per centum or more American Indian blood. Proof only that an individual possesses some unidentifiable degree of Indian blood without more will be insufficient."). The affidavit Malachowski obtained from his grandmother cannot be considered because Malachowski first proffered the affidavit on appeal after the United States filed its opening brief. See Puglisi v. Underhill Park Taxpayers Ass'n, 125 F.3d 844, 1997 WL 609212 at *2 (2d Cir. 1997) ("On appeal, Puglisi has submitted new documents and affidavits to bolster his claims. This evidence was not, however, presented to the district court, and we therefore may not consider it for the first time on appeal.").

5

For the foregoing reasons, and finding no merit in Malachowski's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK